UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:99-CR-50 |
| | § | |
| WILLIAM LOUIS DEAN | § | |

**MEMORANDUM AND ORDER**

William Louis Dean pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and one count of carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). This Court sentenced him to a 235 month term of imprisonment on the first count, and a consecutive 60 month sentence on the second count. Both sentences were to run concurrently to sentences Dean is serving on Texas state convictions. In addition, this Court sentenced Dean to five years of supervised release. *See* Judgment (Dkt. No. 20).

This case is now before the Court on Dean's motion to vacate, set aside, or correct his sentence (Dkt. No. 22), and the government's motion for summary judgment (Dkt. No. 28). Dean did not respond to the government's motion.

Having carefully considered Dean's motion, the government's motion, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that the government's motion should be granted, and Dean's motion should be denied.

**I.** **Applicable Legal Standards**

Dean brings this motion under 28 U.S.C. § 2255, which provides for relief "for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The

motion contends that Dean was sentenced under the Armed Career Criminal Act ("ACCA"), part of which was held unconstitutional by *Johnson v. United States*, 135 S.Ct. 2551 (2015).

The government moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Rule 56(a) provides for the entry of judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

II. <u>**Analysis**</u>

The ACCA, 18 U.S.C. § 924(e), provides for enhanced penalties for a defendant convicted of being a felon in possession of a firearm if that defendant has three or more prior convictions "for a violent felony or a serious drug offense, or both . . . ." The statute defines "violent felony" as a crime that

> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held that the residual clause of the ACCA, *i.e.*, the clause enhancing penalties for a defendant previously convicted of a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another", is unconstitutionally vague. The Court specifically stated that the decision did not affect "the remainder of the Act's definition of a violent felony." *Johnson*, 135 S.Ct. at 2563. Dean, noting that he was sentenced under the ACCA, seeks relief based on *Johnson*.

At his sentencing, Dean admitted that he had three prior Texas state convictions for aggravated robbery. *See* Dkt. No. 29 at 16-17. The Texas penal code defines aggravated

robbery as a robbery in which a person suffers bodily injury, certain vulnerable categories of people are threatened with bodily injury, or the defendant used or exhibited a deadly weapon. TEX. PENAL CODE § 29.03(a). Thus, aggravated robbery "has as an element the use, attempted use, or threatened use of physical force against the person of another", and is therefore a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i). Because Dean had four prior convictions for aggravated robbery, it is clear that he was not sentenced under the residual clause, but because he committed three or more felonies that meet the statutory definition of "violent" because the use or threat of physical violence is an element of the offense. Therefore, he was not sentenced under an unconstitutionally vague provision of the ACCA, and is not entitled to relief.

### III. Conclusion

For the foregoing reasons, Dean is not entitled to relief. His motion is therefore denied, and the government's motion for summary judgment is granted.

### IV. Certificate Of Appealability

Dean has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A defendant may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

This Court has carefully reviewed the record in this case. The Court finds that Dean has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court concludes that Dean is not entitled to a certificate of appealability.

### V. Conclusion And Order

For the foregoing reasons, it is ORDERED as follows:

A. The government's motion for summary judgment (Dkt. No. 28) is GRANTED;

B. William Louis Dean's motion to vacate, set aside, or correct sentence (Dkt. No. 22) is DENIED; and

C. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 20th day of April, 2017.

Kenneth M. Hoyt
United States District Judge